Bay, J.
in charging the jury, told them, that the mortgage had not lost its lien, or binding efficacy, by not being put on record ; it was good, and nothing could impeach it, unless there had been a younger mortgage from Berwick, first recorded.
That a judgment entered up against a mortgagor subsequent to a sale and prior mortgage, gave no sort of lien or priority whatever, as the judgment must be subject to all prior incumbrances.
That there did not appear to be any kind even of presumed assent on the part of the executor of Joseph Ashe, at the sale, as he was then ignorant of any such existing mortgage.
That this money being paid over to a person who was not entitled to it by law, in preference to the mortgagee to whom it of right belonged, was clearly a mistake ; and, therefore, in this action, ought to be recovered back, upon the broad principles of equity and justice, laid down in the cases quoted by the plaintiffs’ counsel.
That if the defendant, Mr. Bussell, had been a mere agent for receiving and paying away money, then under the authority of Lady Windsor’s case, and also on that of fa-sobs's case, the action could not be maintainable : blit as he represented the testator, Livingston, whose estate had re-1 *86 ceived the benefit of it, that estate ought to refund or pat? . , , & e * , back the money»
The jury, after retiring a short time, returned a verdict to the amount of the money received by the defendants, but without interest.
This case was afterwards taken up to the constitutional court of appeals, on a motion for a new trial, on the ground of misdirection in the presiding judge, in his charge to the jury, which was fully argued by counsel on both sides-; after which the judges declared their unanimous assent to the legal principles laid down by the presiding judge on the trial, and therefore refused the motion for a new trial.
Rule dismissed.
Present, BuRke, Grimke and Bat.